IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FABIAN D. SMART, | : | Civil No. 3:19-CV-01783 |
| Petitioner, | : | |
| v. | : | Judge Jennifer P. Wilson |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | : | |
| Respondents. | : | Magistrate Judge Martin C. Carlson |

## **MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2254 in which Petitioner Fabian D. Smart ("Smart") seeks habeas corpus relief based on the Supreme Court's decision in *Pena-Rodriguez v. Colorado*, 580 U.S. __, 137 S. Ct. 855 (2017). The case is presently before the court on a report and recommendation from United States Magistrate Judge Martin C. Carlson, which recommends that the habeas corpus petition be dismissed both because it is a second or successive habeas corpus petition and because it is untimely. No objections to the report and recommendation have been filed. For the reasons that follow, the report and recommendation is adopted and the petition for writ of habeas corpus is dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

This case arises from Smart's conviction for first-degree murder, conspiracy to commit first-degree murder, kidnapping, and conspiracy to commit kidnapping on October 14, 2004, in the Court of Common Pleas for Clinton County,

Pennsylvania. *See Smart v. Folino*, No. 3:10-CV-01447, 2015 WL 1525528, at *1 (M.D. Pa. Apr. 2, 2015).[1]  Smart appealed to the Pennsylvania Superior Court, which affirmed the conviction on October 19, 2006. *Commonwealth v. Smart*, 913 A.2d 947 (Pa. Super. Ct. 2006).  Smart filed a petition for allowance of appeal to the Pennsylvania Supreme Court, but his petition was denied on May 1, 2007. *Commonwealth v. Smart*, 923 A.2d 410 (Pa. 2007).

On October 1, 2007, Smart filed a petition for post-conviction relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), which the trial court denied on March 18, 2008.  *Smart v. Folino*, 2015 WL 1525528, at *2.  Smart appealed the denial of his PCRA petition to the Superior Court, which affirmed on July 10, 2009.  *Commonwealth v. Smart*, 981 A.2d 935 (Pa. Super. Ct. 2009).  Smart filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which denied the petition on December 17, 2009.  *Commonwealth v. Smart*, 986 A.2d 150 (Pa. 2009).

On July 8, 2010, Smart filed a petition for writ of habeas corpus in this district.  *Smart v. Folino*, 2015 WL 1525528, at *4.  United States District Judge A. Richard Caputo dismissed the petition on April 2, 2015.  *Id.* at *18.  Smart did not appeal this ruling to the United States Court of Appeals for the Third Circuit.

---

[1] The court's understanding of the procedural background of this case is largely derived from the report and recommendation and from this district's disposition of Smart's previous habeas corpus petition.  *See Smart v. Folino*, 2015 WL 1525528.

2

On March 6, 2017, the Supreme Court announced its decision in *Pena-Rodriguez*, which held that in cases where a juror "makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant," the trial court is permitted to "consider the evidence of the juror's statement and any resulting denial of the jury trial guarantee." *Pena-Rodriguez*, 137 S. Ct. at 869.

Relying on *Pena-Rodriguez*, Smart filed a second PCRA petition in Pennsylvania state court on May 4, 2017, which was dismissed by the Court of Common Pleas on August 24, 2017. *See Commonwealth v. Smart*, No. 1469 MDA 2017, 2018 WL 1280835, at *1 (Pa. Super. Ct. Mar. 13, 2018). Smart appealed to the Superior Court, which affirmed the dismissal of Smart's petition on March 13, 2018 because the petition was untimely. *Id.* at *3. Smart filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which denied the petition on September 11, 2018. *Commonwealth v. Smart*, 193 A.3d 890 (Pa. 2018).

Smart filed the instant habeas corpus petition on October 10, 2019.[2] (Doc. 1.) Like his second PCRA petition, Smart seeks relief in the petition under the Supreme Court's holding in *Pena-Rodriguez*. (*Id.*) The case was reassigned to the

---

[2] The court did not receive the petition until October 15, 2019, but the petition is deemed filed on October 10, 2019 under the prisoner mailbox rule. *See, e.g.*, *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

undersigned on December 3, 2020, and the court then referred the case to Judge Carlson on December 4, 2020.

Judge Carlson issued the instant report and recommendation on February 16, 2021, recommending that the petition be dismissed both because it is a second or successive habeas corpus petition and because it is untimely.  (Doc. 10.)  No objections to the report and recommendation have been filed, and the time for doing so has expired.  Accordingly, the report and recommendation is ripe for the court's review.

## STANDARD OF REVIEW

When neither party objects to a magistrate judge's report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation.  *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## DISCUSSION

Having reviewed the report and recommendation, the court agrees with Judge Carlson that the petition in this case is untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of

limitations for habeas corpus petitions brought under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1).  The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  The statute also contains a statutory tolling provision under 28 U.S.C. § 2244(d)(2), which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, the limitations period for Smart's petition began to run on March 6, 2017, the date on which the Supreme Court decided *Pena-Rodriguez*.[3]

---

[3] For purposes of this timeliness analysis, the court assumes without deciding that the holding in *Pena-Rodriguez* constitutes a newly recognized rule that was made retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(C).

5

Thus, absent statutory or equitable tolling, Smart's petition would need to be filed no later than March 6, 2018 to comply with § 2244(d)(1)'s one-year statute of limitations.

Smart's petition is not subject to statutory tolling. Although Smart filed a PCRA petition on May 4, 2017, that petition was ultimately dismissed as untimely. *Commonwealth v. Smart*, 2018 WL 1280835, at *3. An untimely PCRA petition is not "properly filed" and accordingly does not toll the one-year limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Smart's second PCRA petition therefore did not toll the limitations period.

Smart is also not entitled to equitable tolling, which allows a court to toll the limitations period when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstance stood in [the] way and prevented timely filing" of the habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). The petitioner bears the burden of showing that he is entitled to benefit from equitable tolling. *Pace*, 544 U.S. at 418. Here, Smart makes no argument as to why he is entitled to equitable tolling and accordingly fails to establish any extraordinary circumstances that would warrant equitable tolling of the limitations period.

The statute of limitations for § 2254 petitions may also be excused if a petitioner makes "an adequate showing of actual innocence." *Satterfield v. Dist.*

6

*Att'y of Phila.*, 872 F.3d 152, 163 (3d Cir. 2017).  This is a "burdensome" standard that requires the petitioner to show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).  Smart makes no actual innocence argument here and is accordingly not entitled to relief under the actual innocence exception.

Thus, because the limitations period for Smart's petition began to run on March 6, 2017, and the petition is not subject to statutory tolling, equitable tolling, or the actual innocence exception, the petition needed to be filed no later than March 6, 2018 to comply with § 2244(d)(1)'s one-year statute of limitations.  Smart's petition, however, was not filed until October 10, 2019, over a year and a half after the limitations period had expired.  The court will therefore dismiss the petition as untimely.[4]

## CONCLUSION

For the foregoing reasons, Judge Carlson's report and recommendation is adopted and the petition for writ of habeas corpus is dismissed.  A certificate of appealability will not issue because no reasonable jurist would find it debatable that the petition states a valid claim of the denial of a constitutional right or that the

---

[4] Because the court will dismiss the petition as untimely, the court will not address Judge Carlson's alternative conclusion that the petition should be dismissed as a second or successive petition.  The court similarly does not reach a conclusion as to whether the Supreme Court's decision in *Pena-Rodriguez* constitutes a newly recognized rule that was made retroactively applicable to cases on collateral review.

court's ruling is incorrect.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  An appropriate order follows.

                                       s/Jennifer P. Wilson
                                       JENNIFER P. WILSON
                                       United States District Court Judge
                                       Middle District of Pennsylvania

Dated: March 22, 2021